# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

STANLEY V. RANSOM, III                                                                                    PLAINTIFF
ADC #152776

v.                                           5:19-cv-00149-BSM-JJV

NICHOLAS PARKER, Lieutenant,
Tucker Unit, Arkansas Department of Correction; *et al.*                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Stanley V. Ransom, III ("Plaintiff") is a prisoner in the Wrightsville Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants Lieutenant Nicholas Parker, Lieutenant Kimberly Riley, Officer Michael Johnson, and Sergeant Jeremy Williams failed to protect him from being attacked by another inmate on April 2, 2019, at the Tucker Unit. (Doc. No. 2.)

Defendants have filed a Motion for Summary Judgment arguing the case should be dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies. (Doc. Nos. 25, 26, 27.) Plaintiff has not filed a Response, and the time to do so has expired. After careful consideration and for the following reasons, I conclude Defendants' Motion for Summary Judgment should be GRANTED, and the Complaint DISMISSED without prejudice.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477

U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  ANALYSIS

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action

in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

The grievance policy of the ADC in effect at the time of the alleged constitutional violations was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. No. 27-1.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (*Id.*) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident. (*Id*.) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id*. at 5-6.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id*.) The warden or his designee must provide a written response within twenty working days of receipt. (*Id*. at 10.) If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (*Id*.) The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days, which is the final step of the administrative procedure. Importantly, Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(*Id*. at 4-5.)

According to the Declaration of Inmate Grievance Supervisor Terri Brown, Plaintiff did not appeal any grievances regarding the April 2, 2019 attack. (Doc. No. 27-2 at 2.) Plaintiff has not presented any evidence refuting her assertion or demonstrating the ADC grievance appeal process was unavailable to him. It is well settled that a prisoner must fully exhaust his available administrative remedies as to each named defendant before filing a complaint in federal court. *See Townsend v. Murphy*, 898 F.3d 780, 784 (8th Cir. 2018); *Burns v. Eaton*, 752 F.3d 1136, 1141–42 (8th Cir. 2014); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Because Plaintiff did not do so, his Complaint should be dismissed without prejudice. *Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

IV.   **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.   Defendants' Motion for Summary Judgment (Doc. No. 25) be GRANTED, and the Complaint (Doc. No. 2) be DISMISSED without prejudice.

2.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 26th day of July 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE